IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MAURICE L. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00383 |
| ) | |
| GAMAL ALGAHMI, *et al.*, ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE BROWN |
| Defendants. ) | |

## MEMORANDUM

Plaintiff Maurice L. Harris, a pre-trial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Gamal Algahmi, Ramii Ismael, and Z-Mart, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). Plaintiff also filed a supplement to his complaint. (Doc. No. 4).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016)(citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007)(citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that, on October 27, 2017, Plaintiff entered the Z-Mart on Lafayette Street in Nashville, Tennessee, to purchase a soda, snacks, and cigarettes. Plaintiff felt that the store employees "were very funny acting" towards Plaintiff. (Doc. No. 1 at 5). A store clerk began harassing Plaintiff and called him a "crackhead." (*Id.*) The store clerk asked Plaintiff to leave the store. Plaintiff threw his soda on the floor and attempted to leave; however, as he was exiting the store, one of the store clerks attacked Plaintiff with a baseball bat. Plaintiff was hospitalized due to several serious injuries he sustained in the attack. (*Id.*) Plaintiff subsequently was arrested (for reasons not made clear in the complaint) and is presently in the custody of the Davidson County Sheriff's Office.

### IV. Analysis

Plaintiff names three Defendants to this action: Gamal Algahmi, Ramii Ismael, and Z-Mart. Section 1983 allows individuals to bring a federal lawsuit against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n.3, 104 S .Ct. 2924, 82 L. Ed. 2d 36 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). In other words, a plaintiff generally cannot sue a private company or individual for violations of his constitutional rights. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). Whether state action is present in a case involving private citizens depends on whether the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The "under color of state law" element of Section

3

1983 excludes from its reach private conduct, no matter how discriminatory or wrongful. *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50.

The Supreme Court has set forth three tests to determine whether conduct may be fairly attributable to the state in order to hold a defendant liable under Section 1983. These tests are (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The public function test requires that the private actor exercise powers which are traditionally reserved exclusively to the state. *Id.* The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id.* Finally, the nexus test requires a sufficiently close relationship (*i.e.*, through state regulation or contract) between the state and the private party so that the action taken may be attributed to the state. *Id.*

Plaintiff cannot establish that Algahmi, Ismael, or Z-Mart is a state actor under the public function test. The public function test requires that the private actor exercise powers which are traditionally reserved exclusively to the state, such as holding elections or exercising eminent domain. *See id.* Here, Plaintiff has not provided any facts explaining how a private citizen working at a convenience store was exercising a power traditionally reserved to the state. Operating a convenience store has not traditionally been a power reserved to the state. Therefore, Defendants are not state actors under the public function test.

Nor can Plaintiff establish that Defendants were state actors under the state compulsion test. The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the acts of a private citizen are

deemed to be that of the state. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Plaintiff has provided no facts suggesting that the state exercised coercive power or provided encouragement to Defendants to make their actions towards Plaintiff at the Z-Mart on the night in question a state action.

Finally, Plaintiff cannot establish that Defendants were state actors under the symbiotic relationship or nexus test. The acts of a private citizen constitute state action when there is a sufficiently close nexus between the state and the challenged action so that the action of the private citizen may be fairly treated as that of the state itself. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). Plaintiff must show that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for the purposes of Section 1983. The complaint fails to state any facts to support a relationship between Defendants and the state that led to any constitutional deprivation.

The Court therefore concludes that Defendants' actions were not taken "under color of state law," and Plaintiff's Section 1983 claims against all Defendants must be dismissed for failure to state a claim upon which relief can be granted.

To the extent that the complaint alleges state law claims against Defendants, 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

5

*Id.* The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice to be filed, if Plaintiff so chooses, in a Tennessee state court.[1]

**V.      Conclusion**

Because Plaintiff has failed to show that any of the Defendants acted under color of state law, which is a necessary element of a claim under Section 1983, the Court finds that Plaintiff's Section 1983 claims are subject to dismissal for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2). Plaintiff's state law claims will be dismissed without prejudice to be filed, if Plaintiff so chooses, in a Tennessee state court.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes no findings or conclusions regarding any applicable statute of limitations for any state law claim.